FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2022 MAY 20 PM 3: 12

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 8:21CR78 |
| JULISHA BIGGS AKA "Juju," | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Jan W. Sharp, United States Attorney and Kelli L. Ceraolo, Assistant United States Attorney, and defendant, Julisha Biggs, and Mark W. Bubak, counsel for defendant, as follows:

## I

## THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Superseding Indictment. Count I charges a violation of Title 18, United States Code, Section 1594(c).

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

    1.    Two or more persons agreed to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit a person less than eighteen years old; knowing that the child was less than 18 years old, acting in reckless disregard of the child victim's age, or having a reasonable opportunity to view the child victim; knowing that the person would be caused to engage in a commercial sex act; and acting in or affecting interstate commerce;

    2.    Defendant knew of the agreement and willfully joined the agreement;

    3.    At some time during the existence of the agreement, one of the members of the agreement knowingly performed an overt act charged in the Indictment in order to accomplish the object or purpose of the agreement;

1

4. The overt act took place in the District of Nebraska.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. That between on or about September 2020 and February 2021, Defendant Julisha Biggs was aware that co-Defendants Carney Turner and Sidney Marker were involved in sex trafficking minor and adult females for monetary profit.

2. Between approximately September 2020 and February 2021, Biggs engaged in prostitution under the direction of and for the financial benefit of Turner. Biggs provided Turner with photographs and videos of herself for Turner to post online advertisements to arrange to conduct sex acts for money. Biggs engaged in sex acts with buyers at various hotels in Omaha, Nebraska, and Council Bluffs, Iowa. Turner transported Biggs in Marker's vehicle(s) to facilitate the sex acts. Biggs also engaged in sex acts for money at an apartment leased by Marker. Turner received money from the sex acts sold by Biggs and some of the money from Biggs's sex sales helped to pay the rent for Marker's apartment.

3. Between approximately November 2020 and February 2021, at Turner's request, Biggs engaged in an online conversation with a female ("Minor Female 1") that she knew to be a minor and encouraged and persuaded Minor Female 1 to join Biggs in working for Turner by engaging in sex acts for money. As a result of Biggs's recruitment efforts, Minor Female 1, a foster care runaway, met Turner and Marker in December 2020, and Turner began to advertise Minor Female 1 in online advertisements for sex. Minor Female 1 engaged in sex sales for Turner's financial benefit between approximately December 2020 and February 2021.

4. In February 2021, Turner was arrested for sex trafficking. Turner contacted Biggs and Marker from jail and instructed them to do things for him, including destroying a phone in Biggs's possession. Marker took the phone from Biggs and destroyed it as instructed.

### III

### PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum life in prison;

2. A maximum $250,000 fine;

3. A mandatory special assessment of $100 per count;

4. An additional special assessment of $5,000 per count; and

4. A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5. Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of 108 months, to be followed by a term of supervised release. This negotiated agreement resolves all issues related to the case and is the appropriate disposition.

2. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B. ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or

3

      4. Engages in additional criminal conduct, or
      5. Attempts to withdraw the guilty plea, or
      6. Refuses to abide by any lawful court order, or
      7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

**VI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

4

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice

served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JAN W. SHARP
United States Attorney

5/20/22
Date

*signature*

Kelli L. Ceraolo
ASSISTANT U.S. ATTORNEY

5·2·22
Date

*signature*

Julisha Biggs
DEFENDANT

5-2-22
Date

*signature*

Mark W. Bubak
COUNSEL FOR DEFENDANT

7